

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO.: 3:15 CR4 CWR-LRA

TIMOTHY BENJAMIN TAYLOR,                        18 U.S.C. §286
TERENCE ANTONIO THOMPSON,                       18 U.S.C. §1349
CHRISTOPHER LASHAWN CHAMBERLIN,                 18 U.S.C. §371
DONALD PRICE, and
TAMIA PATRICE HERNDON

**The Grand Jury charges:**

At all times relevant to this Indictment:

1.  Defendant **TIMOTHY BENJAMIN TAYLOR ("TAYLOR")** resided in both the State of Mississippi and the State of Georgia, working as a self-employed retail businessman, at one point doing business as "Mattresses R Us" from which location he prepared tax returns for the public.

2.  Defendant **TERENCE ANTONIO THOMPSON ("THOMPSON")** was a resident of Snellville, Georgia.

3.  Defendant **CHRISTOPHER LASHAWN CHAMBERLIN ("CHAMBERLIN")** was a resident of Bailey, Mississippi, and was the owner and operator of a business known as C & T Tax Services located in DeKalb, Mississippi, a part of said business being the preparation of income tax returns.

4.  Defendant **DONALD PRICE ("PRICE")** was a resident of Jackson, Mississippi. **PRICE** opened a tax preparation business in early 2008 called Fast Tax.

5.  Defendant **TAMIA PATRICE HERNDON ("HERNDON")** was a resident of Mississippi.

1

6.      A "means of identification" is any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number, or date of birth.

## COUNT 1

7.      The allegations contained in paragraphs 1-6 of this Indictment are hereby re-alleged and incorporated herein as if fully set forth in this paragraph.

8.      From in or about at least November 2009, and continuing through at least January 16, 2010, in Kemper County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **TIMOTHY BENJAMIN TAYLOR, TERENCE ANTONIO THOMPSON, CHRISTOPHER LASHAWN CHAMBERLIN, DONALD PRICE, and TAMIA PATRICE HERNDON**, and other persons known and unknown to the Grand Jury, knowingly and willfully agreed and conspired with each other to defraud the United States of America, the United States Department of the Treasury, and the Internal Revenue Service (IRS), by obtaining and aiding to obtain the payment and allowance of a false, fictitious, and fraudulent claim in the manner and means as follows:

9.      It was an object of the conspiracy that the defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON**, and other persons known and unknown to the Grand Jury, would cause the presentation of false claims to the IRS by preparing and submitting false U.S. Individual Income Tax Returns, Forms 1040 for tax year 2009, using stolen identities.

10.     It was part of the conspiracy that Defendant **THOMPSON** would obtain personal identifying information of unwitting persons for use in the conspiracy. The personal identifying information included the names, addresses, social security numbers, and dates of birth of the victims.

11.	It was part of the conspiracy that Defendant **THOMPSON** would then provide the victims' identifying information to Defendant **TAYLOR,** without the victims' permission for use in the preparation and submission to the IRS of false Forms 1040, U.S. Individual Income Tax Returns.

12.	It was part of the conspiracy that Defendant **TAYLOR** then provided the stolen identifying information to Defendant **CHAMBERLIN** at C&T Tax Services (C&T), and others known and unknown to the Grand Jury, who agreed to use the stolen personal identifying information to prepare and electronically submit approximately 93 false Forms 1040, U.S. Individual Income Tax Returns to the IRS, using the electronic filing identification number (EFIN) assigned by the IRS to Defendant **CHAMBERLIN**, in order to obtain fraudulent tax refunds provided from the United States Department of the Treasury.

13.	It was further part of the conspiracy that in creating the fraudulent tax return documents, Defendants **TAYLOR, CHAMBERLIN, HERNDON and PRICE,** and others known and unknown to the Grand Jury, would fraudulently use approximately 186 stolen identities as purported taxpayers, dependents, and heads of household in the false Forms 1040, U.S. Individual Income Tax Returns.

14.	It was part of the conspiracy that Defendants **TAYLOR, HERNDON and PRICE** would fabricate Forms W-2 for placement in fabricated C&T customer files to support the false tax return information.  Thereafter, the defendants **TAYLOR, HERNDON and PRICE**, and others known and unknown to the Grand Jury, would forge on tax return documents signatures purporting to be those of persons whose identities they had stolen.

15.	It was part of the conspiracy that Defendant **CHAMBERLIN** and others known and unknown to the Grand Jury, would use the EFIN assigned by the IRS to Defendant

**CHAMBERLIN**, and electronically file with the IRS the false Forms 1040, U.S. Individual Income Tax returns containing stolen personal identifiers.

16. It was also part of the conspiracy that upon processing by the IRS of these false tax returns, fraudulent tax refunds would be generated. Thereafter, these fraudulent tax refund payments were intended to be released by the U.S. Department of the Treasury to a Regions bank account accessible to Defendant **PRICE**. Thereafter, Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON** were to cause the funds from the fraudulent tax refunds to be used for the personal benefit of each other.

17. To accomplish the objectives of the conspiracy, in the Southern District of Mississippi, and elsewhere, and in furtherance thereof, the Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON,** and others, both known and unknown to the grand jury, committed, among others, the following acts in furtherance of the conspiracy.

18. In or about November, 2009, Defendant **THOMPSON** obtained stolen identities, which included personal identifying information, including but not limited to the names, dates of birth, and social security numbers of the victims and without lawful authority transferred that personal identifying information to Defendant **TAYLOR**.

19. On or about each date listed below, Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON,** and others, both known and unknown to the grand jury, prepared and filed, and caused to be prepared and filed, a false federal income tax return supported by false personal identifying information and documents in the name of the individual, whose initials are listed below, and claiming a tax refund:

4

| Paragraph | Taxpayer | Date of Filing | Approximate Refund Claimed |
|---|---|---|---|
| 19(a). | L.D. | 01/16/2010 | $4,894 |
| 19(b). | S.G. | 01/16/2010 | $4,822 |
| 19(c). | N.R. | 01/16/2010 | $4,652 |
| 19(d). | D.W. | 01/16/2010 | $4,652 |
| 19(e). | D.C. | 01/16/2010 | $4,652 |

All in violation of Sections 286 and 2, Title 18, United States Code.

## COUNT 2

20. The allegations contained in paragraphs 1-6 of this Indictment are hereby re-alleged and incorporated herein as if fully set forth in this paragraph.

21. From in or about at least November 2009, and continuing through at least January 16, 2010, in Kemper County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **TIMOTHY BENJAMIN TAYLOR, TERENCE ANTONIO THOMPSON, CHRISTOPHER LASHAWN CHAMBERLIN, DONALD PRICE, and TAMIA PATRICE HERNDON,** did knowingly and willfully conspire with each other and with others known and unknown to the Grand Jury to commit the following offense against the United States:

> To knowingly devise a scheme or artifice or intend to devise a scheme or artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, or promises and, for the purpose of executing the scheme, did transmit or cause to be transmitted by means of wire or radio communications in interstate commerce, any writings, signals or sounds, in violation of Section 1343, Title 18, United States Code.

22. The allegations contained in paragraphs 8-18 of this Indictment are hereby re-alleged and incorporated herein as if fully set forth in this paragraph.

23. It was part of the agreement and conspiracy that Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON** would cause approximately 93 false U.S. Individual Income Tax Returns, Forms 1040, to be electronically filed with the IRS by causing the transmission from DeKalb, Mississippi, to Austin, Texas, of false return information containing approximately 186 stolen personal identifiers.

24. It was also part of the agreement and conspiracy that upon processing by the IRS of these false tax returns, fraudulent tax refunds would be generated in the form of Refund Anticipation Loans ("RALs"). Thereafter, these fraudulent tax refund payments were to be released by the U.S. Department of the Treasury to a Regions bank account accessible to Defendant **PRICE**. Thereafter, Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON** intended to cause the funds from the fraudulent tax refunds to be used for the personal benefit of each other.

All in violation of Sections 1349 and 2, Title 18, United States Code.

## COUNT 3

25. The allegations contained in paragraphs 1-6 of this Indictment are hereby re-alleged and incorporated herein as if fully set forth in this paragraph.

26. From in or about at least November 2009, and continuing through at least January 16, 2010, in Kemper County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants **TIMOTHY BENJAMIN TAYLOR, TERENCE ANTONIO THOMPSON, CHRISTOPHER LASHAWN CHAMBERLIN, DONALD PRICE, and TAMIA PATRICE HERNDON**, did knowingly and willfully conspire with each other and

with others known and unknown to the Grand Jury to commit the following offense against the United States:

> To knowingly transfer, possess, or use, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to-wit: wire fraud, or that constitutes a felony under any applicable State or local law, in violation of Section 1028(a)(7), Title 18 United States Code.

27. The allegations contained in paragraphs 8-24 of this Indictment are hereby re-alleged and incorporated herein as if fully set forth in this paragraph.

28. In furtherance of the unlawful conspiracy and in order to accomplish the objectives thereof, the following overt acts, among others, were committed:

29. In or about November, 2009, Defendant **THOMPSON** obtained stolen identities of unwitting persons, which contained the victims' personal identifying information, including but not limited to names, dates of birth, and social security numbers, and without lawful authority transferred that personal identifying information to Defendant **TAYLOR**.

30. Between November, 2009, and January 16, 2010, Defendant **TAYLOR** provided Defendant **HERNDON** with a list of fraudulently obtained identities to be used in the preparation of fraudulent forms W-2. Defendant **HERNDON** prepared the fraudulent forms W-2 and provided them to Defendants **TAYLOR and PRICE.**

31. In or about January, 2010, Defendants **TAYLOR and PRICE** met with Defendant **CHAMBERLIN** at C&T Tax Services in DeKalb, Mississippi and provided him with the fraudulent forms W-2, for the purpose of having Defendant **CHAMBERLIN** use those forms to prepare fraudulent Forms 1040, U.S. Individual Income Tax Returns, for the 2009 tax year.

32. On or about January 16, 2010, Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON** caused a false U.S. Individual Income Tax Return, Form 1040, in the name of L.D. to be electronically filed with the IRS by wire communication from DeKalb, Mississippi, to Austin, Texas, using the stolen personal identifiers belonging to L.D. and belonging to E.P., including but not limited to, names, dates of birth, and social security numbers.

33. On or about January 16, 2010, Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON** caused a false U.S. Individual Income Tax Return, Form 1040, in the name of S.G. to be electronically filed with the IRS by wire communication from DeKalb, Mississippi, to Austin, Texas, using the stolen personal identifiers belonging to S.G. and belonging to E.G., including but not limited to, names, dates of birth, and social security numbers.

34. On or about January 16, 2010, Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON** caused a false U.S. Individual Income Tax Return, Form 1040, in the name of N.R. to be electronically filed with the IRS by wire communication from DeKalb, Mississippi, to Austin, Texas, using the stolen personal identifiers belonging to N.R. and belonging to N.R., including but not limited to, names, dates of birth, and social security numbers.

35. On or about January 16, 2010, Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON** caused a false U.S. Individual Income Tax Return, Form 1040, in the name of D.W. to be electronically filed with the IRS by wire communication from DeKalb, Mississippi, to Austin, Texas, using the stolen personal identifiers belonging to D.W. and

belonging to M.W., including but not limited to, names, dates of birth, and social security numbers.

36. On or about January 16, 2010, Defendants **TAYLOR, THOMPSON, CHAMBERLIN, PRICE and HERNDON** caused a false U.S. Individual Income Tax Return, Form 1040, in the name of D.C. to be electronically filed with the IRS by wire communication from DeKalb, Mississippi, to Austin, Texas, using the stolen personal identifiers belonging to D.C. and belonging to S.C., including but not limited to, names, dates of birth, and social security numbers.

All in violation of Sections 371 and 2, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

37. As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other

property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(C), Title 18, United States Code and Section 2461, Title 28, United States Code.

/s/ GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

S/SIGNATURE REDACTED

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 7th day of January, 2015.

UNITED STATES MAGISTRATE JUDGE